449-17/JJW
John J. Walsh
Thomas M. Canevari
FREEHILL HOGAN & MAHAR, LLP
80 Pine Street
New York, New York 10005
Telephone:  (212) 425-1900
Facsimile:   (212) 425-1901
*Attorneys for Petitioners*
*Bouchard Transportation Co., Inc.*
*Tug Buster Bouchard Corp.*
*and B. No. 255 Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF<br><br>BOUCHARD TRANSPORTATION CO., INC.,<br>TUG BUSTER BOUCHARD CORP.<br>B.NO. 255 CORP.<br><br>AS OWNERS, OWNERS *PRO HAC VICE*,<br>AND OPERATORS OF THE:<br><br>BARGE B. NO. 255 and TUG BUSTER<br>BOUCHARD | **IN ADMIRALTY**<br><br>17 CIV.<br><br>**COMPLAINT FOR<br>EXONERATION FROM OR<br>LIMITATION OF LIABILITY** |

Petitioners, TUG BUSTER BOUCHARD CORP., B. No. 255 CORP., and BOUCHARD TRANSPORTATION CO., INC., by their attorneys, Freehill, Hogan & Mahar, LLP, as and for their Complaint seeking Exoneration from or Limitation of Liability, allege upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. § 1333(1), Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions ("Supplemental rules"), as more fully appears herein.

2. This proceeding is for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §§ 30501 *et seq.*

475129.1

3. Venue is proper in this Court because the vessels discussed herein have not been attached or arrested in any other District and there is no pending lawsuit in any other District. Moreover, Petitioners are New York corporations.

4. At all material times, Petitioners were corporations organized and existing under the laws of the State of New York with their principal place of business in the State of New York.

5. On October 20, 2017, B No. 255 CORP. was the registered Owner of the Barge B. No. 255, and BOUCHARD TRANSPORTATION CO., INC. was the operator.

6. The Barge B. No. 255, bearing Official Number 603622, is a double hulled petroleum barge, without propulsive power, with a gross tonnage of 9,834 tons. At all times of the casualty hereinafter described, the B. No. 125 was in all respects properly manned, equipped and supplied and was seaworthy and fit for the services in which it was engaged. Petitioners exercised due diligence to make the vessel seaworthy in all respects.

7. On October 20, 2017, TUG BUSTER BOUCHARD CORP., was the registered Owner of the Tug Buster Bouchard, and BOUCHARD TRANSPORTATION CO., INC. was the operator.

8. The Tug Buster Bouchard, bearing Official Number 605961, is a self propelled motorized tugboat of steel construction, with a gross tonnage of 257 tons. At all times of the casualty hereinafter described, the Tug Buster Bouchard was in all respects properly manned, equipped and supplied and was seaworthy and fit for the services in which it was engaged. Petitioners exercised due diligence to make the vessel seaworthy in all respects.

9. On or about October 20, 2017, the Barge B. No. 255 was being pushed by the Tug Buster Bouchard in the Gulf of Mexico near Corpus Christi, Texas when the barge B No. 255

sustained an explosion without fault or negligence on the part of the Petitioners resulting in injuries, death, physical damages and oil pollution as a consequence of which claims are being made against Petitioners.

10. Petitioners are fearful that claims may be asserted or suits may be brought against Petitioners by the injured crewmen and/or other parties.

11. The aforesaid casualty and resulting losses and damages were not due to any fault or negligence on the part of the Petitioners, the Barge B. No. 255, the Tug Buster Bouchard, or those in charge of these vessels.

12. The aforesaid casualty and any consequent losses and damages were occasioned and occurred without the privity or knowledge of the Petitioners or Petitioners' superintendents, managers, agents, operators or corporate officers.

13. As set forth in the Declaration of Norman Dufour, Jr. filed herewith as **Exhibit "A,"** the value of Petitioners' interest in the TUG BUSTER BOUCHARD at the close of the voyage is estimated at a maximum of U.S. $5,700,000.00.

14. As set forth in the Declaration of Brendan J. Bouchard III filed herewith as **Exhibit "B,"** at the time of the subject incident, the vessels were on charter earning a per diem rate, and pending freight was in the amount of $252,151.55.

15. The claims anticipated by Petitioners to be asserted in connection with the above events may exceed $5,952,151.55, the value of the Tug Buster Bouchard after the casualty with pending freight.

16. Petitioners' claim is for exoneration from or limitation of liability for any and all loss caused, occasioned or incurred as a result of the explosion on or about October 20, 2017 and

475129.1

for any and all claims arising therefrom, the sum or sums of which Petitioners may be required to pay under the applicable statutes governing exoneration or limitation of liability.

17.    Petitioners, as owners and operators of the Tug Buster Bouchard and Barge B. No. 255, without admitting, but denying liability, expressly claim the benefit of the defenses to, exoneration from, and limitations on liability as provided for in 46 U.S.C. §§ 30505, 30511, and the various statutes supplemental thereto and amendatory thereof, and any other state or federal laws that may be applicable in connection with any damages or losses of whatever description arising from the aforesaid incident.  If it later appears that Petitioners are or may be liable and the amount or value of their interest in the Tug Buster Bouchard is not sufficient to pay all losses in full, then claimants shall share pro rata in the aforesaid sum, saving to claimants any rights of priority they may have as provided by the aforesaid statutes and the Federal Rules of Civil Procedure including the Supplemental Rules for certain Admiralty and Maritime claims or as ordered by this Court.

18.    The "flotilla" doctrine is not applicable as per *Liverpool, Brazil & River Plate Steam Navigation Co. v. Brooklyn Eastern Dist. Terminal*, 251 U.S. 48 (1919), and cases following therefrom involving non-contractual claims, as the BARGE B. NO. 255 was a passive instrument being pushed by the TUG BUSTER BOUCHARD, as the "dominant mind."

19.    Petitioners also submit that the filing of this proceeding, which will result in a concursus in which all claims related to the incident can be addressed in a single proceeding, will further judicial economy and conserve judicial resources by streamlining the litigation and common discovery issues related to the various claims that have been or will be asserted.

20.    Petitioners accordingly herewith deposit with the Court, as security for the benefit of all potential claimants, a Stipulation for Value in the form of a Letter of Undertaking in the

sum of U.S. $5,952,151.55 (representing the total value of the TUG BUSTER BOUCHARD, appurtenances and pending freight following the casualty), plus interest at the rate of six (6%) percent per annum from the date of said Stipulation.

21. Petitioners herewith deposit with the Court, as security for costs, pursuant to Supplemental Admiralty Rule F(1), a Stipulation for Costs in the amount of $250.00.

22. All and singular the premises are true, correct, and within the jurisdiction of the United States and of this Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

23. Petitioners claim the benefit of the defenses to, exoneration from, and limitations on liability contained in the Limitation of Shipowners' Liability Act ("Limitation Act"), 46 USC §30501 and any other state or federal laws that may be applicable in connection with any damages or losses of whatever description arising from the aforesaid incident.

WHEREFORE, Petitioners pray that:

A. the Court approve their *ad interim* stipulation as sufficient security;

B. the Court approve their deposit of $250.00 as sufficient security for costs;

C. the Court enter an Order directing the issuance of a Notice citing all persons and entities, claiming any interests herein or damages for any loss or injury as a result of the incident above described, including fines or penalties, to file their respective claims and answers to this Complaint with the Clerk of the Court and to serve copies thereof upon Petitioners, all as required by the rules of this Court;

D. the Court enter an Order prohibiting and restraining prosecution of any lawsuits already commenced and the commencement and prosecution of any suit, action,

or legal proceeding of any nature, kind or description whatsoever against Petitioners, their insurers, the vessels, Petitioners' property with respect of any claim or claims arising out of the above described incident;

E.  the Court adjudge that Petitioners are not liable to any extent for losses, fines, penalties, damages or injuries in any manner arising out of the above described incident;

F.  if the Petitioners shall be adjudged liable, then that their total and aggregate liability be limited to the value of their combined interests in the Tug Buster Bouchard following the casualty pursuant to 46 U.S.C. §§ 30505 or any other applicable limitation of liability law and that any monies decreed to be paid to be divided pro rata against such claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled and that a decree there upon be entered discharging Petitioners from all further liability;

G.  Petitioners have such other and further relief as may appear just in the premises.

Dated: New York, New York
October 21, 2017

FREEHILL, HOGAN & MAHAR, LLP
*Attorneys for Petitioners*
*Bouchard Transportation Co., Inc.*
*Tug Buster Bouchard Corp.*
*and B. No. 255 Corporation*

By: _____
John J. Walsh
Thomas M. Canevari
80 Pine Street
New York, New York 10005
(212) 425-1900

475129.1