United States District Court
Southern District of Texas
**ENTERED**
August 23, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| COMPLAINT OF BOUCHARD | § | Case No. 2:17-cv-363 |
| TRANSPORTATION CO., INC. *et al* | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiffs Bouchard Transportation Co., Inc., Tug Buster Bouchard Corp., and B. No. 255 Corp. ("Plaintiffs") brought this limitation action on October 21, 2017. (D.E. 1). On May 18, 2018, Plaintiffs filed the pending motions for partial summary judgment, asserting the pre-death pain and suffering claims by the estates of Zachariah Jackson ("Jackson") and Du'Jour Re'Quan Vanterpool ("Vanterpool") should summarily be dismissed. (D.E. 48 and D.E. 49). Vanterpool and Jackson filed responses on June 15, 2018, and June 18, 2018, respectively. (D.E. 64 and D.E. 66). Vanterpool's response also included a Motion to Strike Plaintiffs' expert report. (D.E. 64, Pages 6-8). For the reasons that follow, it is respectfully recommended Plaintiffs' Motions for Partial Summary Judgment be **DENIED**. (D.E. 48 and D.E. 49). It is further recommended Vanterpool's Motion to Strike Plaintiffs' expert report be **DENIED**. (D.E. 64).

## I.  JURISDICTION

The Court has Jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 1333 as this claim arises under 46 U.S.C §§ 30501-30506. This case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636.

## II.   BACKGROUND

### A.   Factual Background

On October 20, 2017, an explosion occurred on Barge B. No. 255, resulting in the death of crewmembers Jackson and Vanterpool. (D.E. 49). This barge was owned by Tug Buster Bouchard Corp. and was operated by Bouchard Transportation Co., Inc. (D.E. 1, Page 2). Both Jackson and Vanterpool were crewmembers at the time of the incident. (D.E. 48, Page 1). According to the affidavit of crewmember Lonnie Roberts, a large flame spread around and directly under Jackson and Vanterpool. (D.E. 64-1, Pages 2-3). Soon after Mr. Roberts noticed the flames, the explosion occurred. (*See* D.E. 64-1, Page 3). Jackson's body was never found and he was presumed dead as noted in a letter from the U.S. Coast Guard on November 27, 2017. (D.E. 48-1, Page 2). Vanterpool's body was found on Kleberg County Beach and identified on October 24, 2017. (D.E. 49-1, Page 2). Upon examination of the autopsy report by pathologists Thomas M. Wheeler and Kathryn Pinneri, Vanterpool's body was found to have experienced blunt force trauma and was injured at the C7 vertebrae. (D.E. 49-3, Pages 2-3 and D.E. 64-3, Pages 3-4). Additionally, both Jackson and Vanterpool's shoes were later found, all badly burned. (D.E. 66-2, Page 1).

### B.   Procedural Background

The day after the incident, on October 21, 2017, Plaintiffs filed an initial complaint seeking a limitation of liability. (D.E. 1). On January 30, 2018, the estates of both Jackson and Vanterpool each answered Plaintiffs' complaint, asserting claims under the Jones Act for loss and pre-death pain and suffering. (D.E. 20; D.E. 21; D.E. 22; D.E.

23; and D.E. 24). On February 22, 2018, the Court approved the stipulation for costs and security for value which listed the value of the vessel and cargo as $5,952,151.55. (D.E. 27).

On May 18, 2018, Plaintiffs filed the pending motions for partial summary judgment. (D.E. 48 and D.E. 49). Plaintiffs allege that as Jackson's body was never found, there is no evidence that pre-death pain and suffering occurred. (D.E. 48). Furthermore, Plaintiffs allege Vanterpool's head was severed and he died instantly as a result. (D.E. 49). Vanterpool's estate counters, through an expert report from Dr. Pinneri, that Vanterpool's head was not fully severed, his death was not instantaneous, and he was on fire prior to the explosion. (D.E. 64, Page 8 and D.E. 64-3). Additionally, Vanterpool's estate also asserts Plaintiff's expert report should be struck as unreliable. (D.E. 64, Pages 6-8). Jackson's estate also filed a response asserting Jackson, like Vanterpool, was on fire before the explosion citing to the affidavit of crewmember Roberts. (D.E. 64-1 and D.E. 66-1). Further, both Jackson and Vanterpool cite to the affidavit of crewmember Timothy M. Lerette, who avers he saw and handled Vanterpool and Jackson's shoes which were found badly burnt. (D.E. 66-2).

## III.   SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure sets the standard for summary judgment. Fed. R. Civ. P. 56(a). A party succeeds on a summary judgment claim when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* For a genuine dispute to exist, the non-moving party is required to provide evidence amounting to more than a scintilla. *See Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 252 (1986). This standard is based on the reasonable jury standard. *Anderson*, 477 U.S. at 242; *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (holding a genuine dispute of a material fact exists when "the evidence is such that a reasonable jury could return a verdict for the non-moving party"). The non-moving party fails and summary judgment is appropriate if it lacks evidence for any essential element of a claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). However, if a party is not given adequate time for discovery, summary judgment can be denied pursuant to Rule 56. *Id.* at 326.

## IV.   DISCUSSION

### A.   Motion for Partial Summary Judgment Regarding Jackson's Claims for Pre-Death Pain and Suffering

The undersigned recommends there is a genuine dispute of material fact regarding whether Jackson experienced pre-death pain and suffering. While Jackson's body was not found, Mr. Robert's affidavit states a fire burned around and under Jackson before the explosion occurred. (D.E. 64-1, Pages 2-3). Further, Mr. Lerette's affidavit states Jackson's shoes were found burned and melted. (D.E. 66-2). The estate of Jackson also provides affidavit of Deputy Medical Examiner Kendall Von Crown. Based on the autopsy report and photographs of Vanterpool's body and the declarations of Dr. Thomas Wheeler and Dr. Kathryn Pinneri, Dr. Von Crown avers it is highly probable Jackson suffered in the form of burning in the initial fire, non-fatal injuries from shrapnel from the explosion and eventual death from a combination of drowning and bleeding to death. (D.E. 66-3, Page 3-5). Dr. Von Crown also stated it is likely the explosion did not cause

an instantaneous death. (D.E. 66-3, Pages 5-6). The undersigned recommends the affidavits provided are sufficient to create a genuine issue of material fact as to whether Jackson experienced pre-death pain and suffering. *See Celotex Corp.*, 477 U.S. at 324 (under Fed. R. Civ. P. Rule 56(c), an affidavit is capable of raising a genuine issue of material fact). The discovery deadline is October 22, 2018, and further discovery may address how long Jackson was in the fire and whether he was conscious at the time. Other evidence, affidavits and eye witnesses may bring forth other genuine issues of material fact.

**B.     Motion for Partial Summary Judgment Regarding Vanterpool's Claim for Pre-Death Pain and Suffering**

The undersigned recommends there is also a genuine issue of material fact regarding whether Vanterpool experienced pre-death pain and suffering. The two affidavits provided by Mr. Robert and Mr. Lerette, discussed above, also pertain to Vanterpool, stating he was seen in the area of the fire and his shoes were found badly burned. (D.E. 64-1, Pages 2-3); (D.E. 66-2). Furthermore, Vanterpool's estate submits an affidavit from Dr. Pinneri which states Vanterpool's head was not fully severed, and the neck injury sustained was more likely to cause paralysis than instantaneous death. (D.E. 64-3, Page 4 and D.E. 64-4). Therefore, the undersigned recommends there is a genuine dispute of material fact as to whether Vanterpool experienced pre-death pain and suffering. Regarding Vanterpool, additional discovery is also needed.

## V.     RECOMMENDATION

It is respectfully recommended that Plaintiffs' Motions for Partial Summary Judgment be **DENIED**. Accordingly, it is respectfully recommended that Vanterpool's Motion to Strike Plaintiffs' expert report be **DENIED**. Whether the contested report may be used as evidence at trial may be raised at a later date if necessary.

ORDERED this 23rd day of August, 2018.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).