United States District Court
Southern District of Texas
**ENTERED**
August 23, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| COMPLAINT OF BOUCHARD | § | Case No. 2:17-cv-363 |
| TRANSPORTATION CO., INC. *et al* | § | |

## MEMORANDUM AND RECOMMENDATION

This is a maritime limitation of liability action filed pursuant to the provisions of 46 U.S.C § 30501 *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"). Pending is Claimants' Renewed Motion to Dissolve the Limitation Injunction. (D.E. 50). The undersigned recommends the Motion be **GRANTED** for the reasons set forth below.

### I.   JURISDICTION

The Court has jurisdiction pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules and 28 U.S.C. § 1333. This case has been referred to the undersigned United States Magistrate Judge for pretrial management and furnishing the District Court with a memorandum and recommendation on all dispositive motions pursuant to 28 U.S.C. § 636. (D.E. 47).

### II.   BACKGROUND

On October 21, 2017, Petitioners Tug Buster Bouchard Corp., B. No. 255 Corp., and Bouchard Transportation Co., Inc., as owner and operator of Tug Buster Bouchard, (collectively "Bouchard") filed a petition for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30501, *et seq.* in connection with allegations that the vessel was

negligently operated on or about October 20, 2017 when Barge B. No. 255 sustained an explosion. (D.E. 1). On November 20, 2017, this proceeding was transferred to the Southern District of Texas from the Southern District of New York. (D.E. 14). On February 28, 2018, all Claimants filed an amended answer to Bouchard's Complaint for Exoneration from or Limitation of Liability. (D.E. 36). At the same time, Claimants also filed the first Motion to Dissolve the Limitation Injunction. (D.E. 37). Claimants' motion was denied without prejudice on March 30, 2018. (D.E. 42). Bouchard filed its Motions for Partial Summary Judgment on Pre-death Pain and Suffering damages on May 18, 2018. (D.E. 48 and D.E. 49). On the same day, Claimants filed the pending Renewed Motion to Dissolve the Limitation Injunction. (D.E. 50).

### III.   APPLICABLE LAW

This proceeding concerns the Limitation of Liability Act, which protects a shipowner's absolute right to claim the Act's liability cap and to reserve the adjudication of that right in federal district court. However, injured parties are also entitled to common law remedies embodied in the saving to suitors clause of 28 U.S.C. § 1333. *Texaco, Inc. v. Williams*, 47 F.3d 765, 767 (5th Cir. 1995). When a petitioner initiates a federal limitation proceeding, the federal district court should require all claimants to timely assert their claims in the federal district court and stay all related claims against petitioner pending in state court. *Magnolia Marine Transp. Co.*, 964 F.2d 1571, 1575 (5th Cir. 1992) (citation omitted).

The shipowner's right to limitation is in inherent conflict with claimants' rights under the saving to suitors clause. *Texaco, Inc.*, 47 F.3d at 767. To preserve both the shipowner's right to limit liability in a federal forum and the claimants' right to pursue state law remedies, the Fifth Circuit has established two exceptions under which the federal district court may lift the injunction on claimants' state court proceedings. *Id*. In a single-claim-inadequate-fund situation, claimant can proceed outside of the limitation action if he agrees not to raise issues in the limitation court. *Id.* (citing *Ex Parte Green*, 286 U.S. 437 (1932)). In a multiple-claim-adequate-fund situation, claimants can proceed if they relinquish their rights to damages in excess of the limited fund. *Id.* (citing *Lake Tankers Corp. v. Henn*, 354 U.S. 147 (1957)). Claimants' state claims may proceed outside the federal limitation action if (1) they total less than the value of the vessel, or (2) the claimants all stipulate that the federal court has exclusive jurisdiction over the limitation action and they will not seek to enforce a greater damage award until the limitation action is decided by the federal court. *Odeco Oil and Gas Co., Drilling Div. v. Bonnette*, 4 F.3d 401, 404 (5th Cir. 1993) (citations omitted).

IV.   DISCUSSION

Claimants in this case have entered into stipulations which Bouchard asserts are inadequate for four reasons. (D.E. 50, Page 4 and D.E. 69). First, Bouchard asserts Claimants did not enter into an agreement between themselves to refrain from proceeding in this limitation action until all state court actions are resolved. Second, Bouchard asserts because Ms. O'Neika Davis has provided no evidence she is the designated representative of the estate of Du'Jour Re'Quan Vanterpool, and therefore, she has no

standing or authority to enter the stipulation. Third, Bouchard alleges Zachariah Jackson's parents, Ms. Davis, and Ms. Shemeka Boatman-Blackshear, each individually, lack standing to enter into the stipulation because only personal representatives have standing to sue in a Jones Act wrongful death claim. Lastly, Bouchard argues there is a non-waivable conflict of interest between the Claimants because under the pro rata sharing stipulation, every Claimant has a competing interest against the others to increase their shares.

### A. Lack of Agreement among All Claimants

Bouchard argues their right to limitation of liability is not adequately protected because Claimants did not sign an agreement among themselves stating one cannot act until all the other Claimants have obtained a final judgment in their separate state court cases. (D.E. 69, Page 4). Claimants argue their stipulations are almost identical to other Fifth Circuit precedents in which denials to lift injunctions were overturned on appeal. (D.E. 73, Pages 2-4).

When the value of the damages being sought by all claimants exceeds the value of the limitation fund, all claimants must enter a stipulation in order to proceed outside of the limitation action. All potential claimants must sign the stipulation, and it is insufficient if only some claimants agree among themselves to the terms of the stipulation. *Complaint of Port Arthur Towing Co. on Behalf of M/V Miss Carolyn*, 42 F.3d 312, 315-16 (5th Cir. 1995). The Supreme Court held a petitioner's right is adequately protected when (1) a claimant stipulates that his claim did not exceed the limitation fund, (2) a claimant waives any defense of *res judicata* with respect to

limitation of liability, and (3) the district court stays the limitation action pending state court proceedings. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 452 (2001). Further, when a claimant "agrees to reserve limitation of liability issues to the federal court, to waive any *res judicata* claim related to limitation, and to refrain from enforcing any state court judgment in excess of the limitation fund prior to the federal proceeding, the requirement of *Lewis* is met." *In re Tetra Applied Tech. L.P.*, 362 F.3d 338, 342 (5th Cir. 2004) (citing *Riverway Harbor Serv., St. Louis, Inc. v. Bridge & Crane Inspection, Inc.*, 263 F.3d 786, 791-92 (8th Cir. 2001)). When there are multiple claimants, an additional stipulation stating claimants will share the limitation fund on a pro rata basis is necessary to protect petitioners' right under the Limitation Act. *Id.; see also In re Tidewater, Inc.*, 249 F.3d 342, 347 (5th Cir. 2001).

The undersigned recommends Claimants' stipulation adequately protects Bouchard's rights. Claimants argue the stipulation is adequate because it is nearly identical to the stipulations in *In re Tetra* where the Fifth Circuit found the court abused its discretion by not dissolving the limitation injunction. (D.E. 73, Page 3). Here, Claimants stipulated that if their combined judgments exceed Bouchard's limitation fund, they agreed to a pro rata sharing of that fund. Claimants also stipulated Bouchard is entitled to litigate limitation of liability issues in this court, and Claimants will not seek any judgment on limitation issues in any other forums. Finally, Claimants waived claims of res judicata related to the limitation action, and stipulated they would not seek any judgment in excess of the value of the limitation fund pending the adjudication of the limitation of liability action in this Court. Therefore, the undersigned recommends the

requirements of *Lewis* are met in this case. *See In re Tetra*, 362 F.3d at 342. Unlike *Port Arthur Towing Co.*, all Claimants have stipulated to a pro rata distribution of the limitation fund. *See* 42 F.3d at 316. Bouchard fails to cite to any precedent requiring Claimants to enter an agreement between themselves to not proceed in this limitation action before each of the Claimants' state court actions are final. Further, all of the Claimants, through counsel, have agreed to be bound by the stipulations. (D.E. 50, Page 1, n. 1). Therefore the undersigned recommends Bouchard's argument is without merit.

### B. Standing to Enter into Stipulations to Dissolve Injunction

Bouchard also asserts Ms. Davis lacks standing to enter into the purported stipulation because she submits no evidence she is the designated personal representative of the estate of Vanterpool. (D.E. 69, Page 4). Bouchard further asserts Jackson's parents individually, Ms. Davis individually and Ms. Shemeka Boatman-Blackshear individually do not have standing to enter the stipulation because under the Jones Act only a decedent's personal representative has standing to seek recovery. *Id.*

To dissolve the injunction on state court actions, all claimants must enter into stipulations that adequately protect petitioners' rights. The Fifth Circuit has held parties seeking indemnification or parties seeking contribution and co-defendants with a cross claim against the petitioners must all enter into the stipulation, or the stipulation is inadequate. *Port Arthur Towing Co.*, 42 F.3d at 316. The Fifth Circuit case law is clear that if all claimants stipulate the federal court has exclusive jurisdiction over limitation issues and claimants will not seek to enforce a greater damage award than the limitation fund, the claimants may proceed outside of the limitation action because petitioners'

rights are sufficiently protected. *Texaco, Inc.*, 47 F.3d at 767. However, in this case, Bouchard is not alleging some claimants failed to enter into the stipulation. Rather, Bouchard is arguing the individuals who entered into the stipulation could not do so. However, all Claimants in this action have signed the required stipulation. Bouchard has not provided any evidence showing the stipulation inadequately protects their rights. If these parties lack standing to assert claims, then the fact they signed a stipulation is of no consequence as they cannot proceed in any action and the time to assert claims according to this Court's order has passed. (D.E. 28).

### C. Conflict of Interest

Bouchard next claims the stipulation is voidable and inadequate to protect it's rights under the Limitation Act because there is a non-waivable conflict of interest between Claimants. (D.E. 69, Pages 4-7). Bouchard argues there is a conflict of interest because Claimants' two law firms each represent multiple Claimants and if this Court ultimately rules in favor of Bouchard in this limitation action, each law firm could not pursue the maximum amount of the limitation fund for one client without hurting other clients' interests. Bouchard argues Claimants can later use this non-waivable conflict of interest to void the stipulation leaving Bouchard's rights insufficiently protected.

None of the three cases cited by Bouchard supporting this argument hold there is a conflict of interest and the stipulation is inadequate when claimants' lawyers represent more than one claimant. *S&E Shipping Corp. v. Chesapeake & O.R. Co.* 678 F.2d 636, 643 (6th Cir. 1982); *Universal Towing Co. v. Barrale*, 595 F.2d 414, 418 (8th Cir. 1979) *Petition of Trinidad Corp.* 229 F.2d 423 (2d Cir. 1955).

While there may be competing interests at some point in this litigation, any conflict of interest at this stage is only hypothetical as this Court has not yet determined whether liability may be limited and there are no judgments in excess of any limitation fund. Therefore, the undersigned recommends there is no actual conflict of interest at this point and the stipulation is sufficient to protect Bouchard's right under the Limitation Act.

**V.    RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that Claimants' Renewed Motion to Dissolve the Limitation Injunction (D.E. 50) be **GRANTED** and that Claimants be allowed to pursue their personal injury claims in state court.

ORDERED this 23rd day of August, 2018.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).